UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| MARTIN ANDREW POWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 1:26-cv-00222-ACL |
| | ) | |
| WAYNE COUNTY SHERIFF'S DEPT. | ) | |
| and DAVID LITTLE, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff Martin Andrew Powell filed this lawsuit under 42 U.S.C. § 1983 against Deputy Sheriff David Little and the Wayne County Sheriff's Department, alleging excessive force during an arrest on March 7, 2024. [Doc. 1]. The Court granted Plaintiff leave to proceed *in forma pauperis,* and this case is now before the Court for review under 28 U.S.C. § 1915(e)(2)(B). Any portion of the Complaint that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief from an immune defendant must be dismissed. 28 U.S.C. § 1915(e)(2)(B).

**Legal Standard on Initial Review**

When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the complaint in a way that permits the claim to be considered within the proper legal

framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Even so, self-represented plaintiffs must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

**The Complaint**

Plaintiff makes the following allegations in the Complaint [Doc. 1]: Sheriff's Deputy David Little was dispatched to Plaintiff's home on March 7, 2024 for a disturbance call involving a physical altercation between Plaintiff and another individual. [Doc. 1, p. 4]. After Little arrived, Plaintiff came outside and stood on his front porch. [*Id.* at p. 5]. Little gestured for Plaintiff to come to him, pointing to the ground in front of him. [*Id.*]. Plaintiff shook his head and told Little to come to him. [*Id.*]. Little approached Plaintiff, grabbed Plaintiff by his wrists, and dragged him down some stairs into the front yard. [*Id.*]. Plaintiff's ribs were crushed into a fence, and both legs were skinned. [*Id.*]. Little forcefully handcuffed Plaintiff, causing him to suffer shoulder pain. [*Id.* at pp. 5-6]. Little then slammed Plaintiff's head and ear into the door frame of the patrol car, resulting in bruising and discomfort for weeks. [*Id.* at p. 6]. Little drove at an excessive speed and in an erratic manner on the way to the jail. [*Id.*]. Upon arrival at the jail, Little grabbed Plaintiff by the collar of his shirt, choking Plaintiff as he pulled him out of the patrol car. [*Id.*].

**Preliminary Dismissals**

The Wayne County Sheriff's Department, which is a subdivision of a local

government, is not a legal entity subject to suit under § 1983. *Ketchum v. City of West Memphis, Ark.,* 974 F.2d 81, 82 (8th Cir. 1992) (holding that departments and subdivisions of local government are not suable entities under § 1983); *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities). As a result, the claim against the Wayne County Sheriff's Department is legally frivolous and will be dismissed.

Additionally, Plaintiff asserts an official capacity claim against defendant Little, which is the equivalent of a claim against his employer. *White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). However, neither the county nor the sheriff's department can be held liable under § 1983 as the employer of defendant Little. *Monell v. Dep't of Soc. Services of City of New York*, 436 U.S. 658 (1978) (holding there is no respondeat superior liability for actions of an employee under § 1983). Therefore, the official capacity claim against defendant Little will be dismissed.

**<u>Discussion</u>**

Plaintiff characterizes his excessive force claim against defendant Little as violations of the Eighth and Fourteenth Amendments. The constitutional standard applicable to a § 1983 excessive force claim depends on "whether the victim is an arrestee, a pretrial detainee, or a convicted inmate." *Andrews v. Neer*, 253 F.3d 1052, 1060-61 (8th Cir. 2001). Excessive force claims brought by convicted inmates fall under the Eighth Amendment's prohibition of cruel and unusual punishments. *Id.* at 1061. "[A] pretrial detainee's excessive force claim is grounded in the Fifth and Fourteenth

Amendments. *Id.* at 1060. An arrestee's excessive force claim falls under the Fourth Amendment. *Id.* Consequently, Plaintiff's claim falls under the Fourth Amendment, not the Eighth or Fourteenth Amendments. To the extent Plaintiff seeks to bring an Eighth Amendment cruel and unusual punishment claim and a Fourteenth Amendment equal protection and/or due process claim based on the allegations of excessive force, any such claims are dismissed.

"To establish a constitutional violation under the Fourth Amendment's right to be free from excessive force, the test is whether the amount of force used was objectively reasonable under the particular circumstances." *Z.J. by & through Jones v. Kansas City Bd. of Police Commissioners*, 931 F.3d 672, 681 (8th Cir. 2019). "[I]f a person is not suspected of a serious crime, is not threatening anyone, and is neither fleeing nor resisting arrest, then it is unreasonable for an officer to use more than *de minimis* force." *Watkins v. City of St. Louis, Missouri*, 102 F.4th 947, 952 (8th Cir. 2024). The allegations in the Complaint are sufficient for the excessive force claim to proceed against defendant Little.

Accordingly,

**IT IS HEREBY ORDERED** that the Fourth Amendment excessive force claim against defendant David Little, in his individual capacity, will proceed. The official capacity claim against Little is dismissed.

**IT IS FURTHER ORDERED** that, to the extent Plaintiff alleges claims under the Eighth and Fourteenth Amendments, those claims are dismissed with prejudice.

**IT IS FURTHER ORDERED** that the Wayne County Sheriff's Department is dismissed with prejudice and the Clerk of Court is directed to terminate it as a defendant

in this action.

**IT IS FURTHER ORDERED** that the Defendant David Little shall be personally served by issuance of summons and service by the U.S. Marshals Service at the Wayne County Sheriff's Department, 109 Walnut Street, Greenville, MO 63944.

**IT IS FINALLY ORDERED** that Plaintiff is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

A separate Order of Partial Dismissal will accompany this Memorandum and Order.

**SO ORDERED** this 8th day of October, 2026.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE